# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

TRAMOND EUGENE FRANKLIN,

    Plaintiff,

vs.

TIFFANY MILLER, DEPARTMENT OF CORRECTIONS, GERALD ALAN VANDER SANDEN, CEDAR RAPIDS POLICE DEPARTMENT, CITY OF CEDAR RAPIDS, STATE OF IOWA,

    Defendants.

No. C17-0067-LRR

**ORDER**

---

    The matter before the court is the plaintiff's application to proceed in forma pauperis (docket no. 1), filed on June 16, 2017, "complaint" (docket no. 1-1), filed on June 16, 2017, motion for preliminary injunction (docket no. 2), filed on June 16, 2017, motion to appoint counsel (docket no. 3), filed on June 19, 2017, motion for jury trial (docket no. 4), filed on June 21, 2017, motion to continue State's case (docket no. 5), filed on June 21, 2017, motion to add parties (docket no. 6), filed on June 29, 2017, motion to add charges (docket no. 7), filed on June 29, 2017, motion for perjury charges against officers (docket no. 8), filed on July 6, 2017, motion to charge Benton County Attorney's Office with obstruction of justice (docket no. 9), filed on July 12, 2017, motion to stop all State and Federal criminal cases (docket no. 10), filed on July 12, 2017, supplement (docket no. 11), filed on July 28, 2017, motion to add obstruction of justice and tampering with evidence (docket no. 12), filed on August 9, 2017, motion to add plaintiff (docket no. 13), filed on August 17, 2017, motion to introduce video evidence (docket no. 14), filed on August 28, 2017, motion to charge Benton County judge (docket no. 15), filed on

August 28, 2017, motion for hearing (docket no. 16), filed on August 28, 2017, motion for permanent injunction to stay and dismiss all State/Federal investigations (docket no. 17), filed on August 30, 2017, motion for immediate temporary restraining order and restoration of water services (docket no. 18), filed on August 30, 2017, motion for emergency restraining order (docket no. 19), filed on August 31, 2017, motion to amend complaint (docket no. 20), filed on September 7, 2017, motion to amend complaint to add charges (docket no. 21), filed on September 7, 2017, motion to strip all immunity (docket no. 22), filed on September 7, 2017, motion to amend previous motions (docket no. 23), filed on September 7, 2017, motion to discard evidence (docket no. 24), filed on September 7, 2017, motion for emergency injunction (docket no. 25), filed on September 11, 2017, and motion for audio and video evidence (docket no. 26), filed on September 11, 2017.

Having reviewed the entire record, the court concludes that the plaintiff's pleadings are not sufficient to commence an action. *See* Fed. R. Civ. P. 8 (addressing general rules of pleading). Because the plaintiff's pleadings are vague, ambiguous and unorganized, it is unclear what type of action, if any, that the plaintiff is trying to commence, and an opposing party could not reasonably prepare a response. In light of the foregoing, this action is dismissed without prejudice. All of the plaintiff's motions are denied as moot.

Before proceeding with any federal action by filing an amended complaint and an application to proceed in forma pauperis if he cannot afford to pay the filing fee, the plaintiff should keep in mind the following:

> (1) The court is typically precluded from interfering in the interworkings of a state court in criminal matters. *See Sprint Communs., Inc. v. Jacobs*, ___ U.S. ___, ___, 134 S. Ct. 584, 591 (2013) (explaining that *Younger v. Harris*, 401 U.S. 37 (1971), precludes a court from intruding into ongoing state criminal prosecutions); *Zanders v. Swanson*, 573 F.3d 591, 593-95 (8th Cir. 2009) (determining that district court properly abstained from hearing claim because there was no showing of bad faith or other extraordinary circumstances); *Norwood v.*

*Dickey*, 409 F.3d 901, 903 (8th Cir. 2005) (listing factors to be considered).

(2) A 42 U.S.C. § 1983 cause of action for damages does not arise until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal . . ., or called into question by the issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486 (1994).

(3) "[O]fficials acting pursuant to a court order have 'a quasi judicial absolute immunity from damages for actions taken to execute that order.'" *Rose v. Flairty*, 772 F.3d 552, 554 (8th Cir. 2014) (quoting *Patterson v. Von Riesen*, 999 F.2d 1235, 1240 (8th Cir. 1993)). Aside from being protected when enforcing a court's directive, an official is entitled to absolute immunity when he or she performs an "adjudicatory or prosecutorial function." *Id*. Officials have a quasi judicial absolute immunity when they "perform discretionary tasks that play an integral part in the decision making process," such as when they "evaluate facts, draw conclusions, and make recommendations." *Anton v. Getty*, 78 F.3d 393, 396 (8th Cir. 1996).

(4) A prosecutor is immune from civil rights claims that are based on actions taken in the performance of his or her prosecutorial duties. *See Burns v. Reed*, 500 U.S. 478, 486 (1991) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976)); *Patterson v. Von Riesen*, 999 F.2d 1235, 1237 (8th Cir. 1993); *Snelling v. Westhof*, 972 F.2d 199, 200 (8th Cir. 1992).

(5) A judge, performing judicial functions, enjoys absolute immunity from 42 U.S.C. § 1983 liability. *See Pierson v. Ray*, 386 U.S. 547, 554-55 (1967); *Whisman v. Rinehart*, 119 F.3d 1303, 1309 (8th Cir. 1997); *Callahan v. Rendlen*, 806 F.2d 795, 796 (8th Cir. 1996).

(6) The court does not have the authority to investigate or commence criminal proceedings. *See e.g.*, *United States v. Armstrong*, 517 U.S. 456, 464 (1996) (making clear that it is the executive branch that retains broad discretion to enforce the Nation's criminal laws). If the plaintiff believes a crime

occurred, he should consult law enforcement officials, and, after conducting an investigation, those officials may consult with prosecutors to determine whether charges are warranted. Whether to prosecute and what charges to file or bring are decisions that rest in the prosecutor's discretion. *See United States v. Batchelder*, 442 U.S. 114, 124 (1979); *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978); *United States v. Nixon*, 418 U.S. 683, 693 (1974); *Parkhurst v. Tabor*, 569 F.3d 861, 867 (8th Cir. 2009). This court has no power to order the government or a state to investigate or prosecute certain individuals.

(7) "Courts repeatedly have held that there is no private right of action under [18 U.S.C.] § 241, even though the statute allows federal authorities to pursue criminal charges." *United States v. Wadena*, 152 F.3d 831, 846 (8th Cir. 1998).

(8) "To establish municipal liability under [42 U.S.C.] § 1983, a plaintiff must show that a constitutional violation was committed pursuant to an official custom, policy, or practice of the governmental entity." *Moyle v. Anderson*, 571 F.3d 814, 817-18 (8th Cir. 2009) (citing *Monell*, 436 U.S. at 690-92).

(9) Although courts construe pro se pleadings liberally, pro se litigants, like all other parties, must abide by the Federal Rules of Civil Procedure. *See, e.g.*, *Williams v. Harmon*, 294 F. App'x 243, 245 (8th Cir. 2008) (affirming dismissal where pro se litigant failed to comply with the Federal Rules of Civil Procedure). The Federal Rules of Civil Procedure require parties to formulate their pleadings in an organized and comprehensible manner. Specifically, Federal Rule of Civil Procedure 8(a)(1)-(3) requires that a complaint contain a "short and plain statement of the grounds for the court's jurisdiction," a "short and plain statement" of the plaintiff's claims and a "demand for the relief sought." Federal Rule of Civil Procedure 8(d)(1) provides that, although no technical form of pleading is required, each claim must be simple, concise and direct. Federal Rule of Civil Procedure 10(b) directs parties to separate their claims within their pleadings and provides that each claim should be limited as far as practicable to a single set of circumstances. In addition, Federal Rule of Civil

> Procedure 10(b) makes clear that each claim that is founded on a separate transaction or occurrence must be stated in a separate count where doing so would promote clarity.

The court is mindful of the fact that the plaintiff is frustrated with ongoing state court criminal proceedings, but the proper forum to address his constitutional concerns in the first instance is in the Iowa District Court for Linn County, the Iowa District Court for Benton County, the Iowa Court of Appeals, the Iowa Supreme Court and/or the United States Supreme Court.[1]

**IT IS SO ORDERED**

**DATED** this 14th day of September, 2017.

_____
LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA

---

[1] It is apparent from state court records that the plaintiff is facing state criminal charges and/or is concerned with a state court judgment that has become final. *State v. Franklin*, Case No. FECR122035 (Linn Cty. Dist. Ct. _____, 2017); *State v. Franklin*, Case No. FECR120751 (Linn Cty. Dist. Ct. _____, 2017); *State v. Franklin*, Case No. SMSM006111 (Benton Cty. Dist. Ct. August 23, 2017).

Iowa state court criminal and civil records may be accessed online at: http://www.iowacourts.gov/For_the_Public/Court_Services/Docket_Records_Search/index.asp. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (addressing court's ability to take judicial notice of public records).